## Miller v. Bob Behm Chevrolet Inc.

*Daniel P. Wimer,* for plaintiff.
*Daniel C. Lawson,* for defendants.

PRATT, *J.*, May 5, 1989 — Plaintiff, David P. Miller, has instituted this suit over an allegedly defective automobile manufactured by defendant General Motors Corporation and sold to Miller by defendant Bob Behm Chevrolet Inc. Included in the lawsuit is an action against both defendants under the so-called "Automobile Lemon Law," 73 P.S. §§1951-1963. To Miller's complaint, Behm Chevrolet has filed a barrage of preliminary objections including a demurrer, first motion to strike, second motion to strike, motion for more specific pleading, "petition raising non-joinder of a necessary party," and a "motion to strike and/or motion for more specific pleading." All of the objections except the demurrer to Miller's course of action based upon the "Automobile Lemon Law" are addressed summarily in the order which accompanies this opinion.

As to the preliminary objections in the nature of a demurrer, Behm Chevrolet challenges the existence of a cause of action by a purchaser against the retail dealer under the "Automobile Lemon Law." As we will accede to the challenge and strike that cause of action as to defendant Behm Chevrolet, we feel it is incumbent upon us to render this opinion.

After carefully reviewing the soi-disant "Automobile Lemon Law," 73 P.S. §§1951-1963, we find it does not provide for a cause of action by a purchaser against the retail dealer, such as Behm Chevrolet. We find nothing in the law specifically excluding such an action, nor have we found any case law so restricting such actions. However, as Behm Chevrolet points out, the only provision of the law mentioning any duty of the seller is section 1957 of the "Automobile Lemon Law," 73 P.S. §1957. That duty, "is merely to 'provide to the purchaser . . . a fully itemized statement indicating all work performed on said vehicle . . . .' " In contrast, sections

1954, 1955, 1957 and 1958 of the "Automobile Lemon Law," 73 P.S. §§1954, 1955, 1957 and 1958, impose extensive affirmative duties on the manufacturer.

We can only assume that this disparity was intentionally created by the Pennsylvania Legislature. The only conceivable reason for an omission of an imposition of duties upon the dealer would be the exclusion of the dealer from the general purview of the statute. We must assume such an intention and will give our assumption force by granting a demurrer as to the cause of action against Behm Chevrolet bottomed on the "Automobile Lemon Law."

## ORDER OF COURT

Now, May 5, 1989, after consideration of the preliminary objections presented by defendant Behm Chevrolet Inc. and, in accordance with the attached opinion, the following order is entered:

(1) The preliminary objections in the nature of a demurrer are sustained in part and overruled in part as follows:

(a) plaintiff is directed to amend his complaint to allege whether or not the alleged defects occurred within one year and 12,000 miles after the date of purchase of the automobile;

(b) plaintiff is directed to amend his complaint to allege whether or not the problems about which plaintiff complains continue to exist;

(c) plaintiff is directed to amend his complaint to delineate any non-conformity and the "various problems" which have been subject to repair three times and continue to exist relative to paragraph 13 of plaintiff's complaint.

(d) plaintiff is directed to amend his complaint to

delineate those problems or non-conformities which have kept the automobile out of service for 30 or more days;

(e) plaintiff is directed to amend his complaint to allege whether or not the automobile, when purchased, was "new" or "used";

(f) all paragraphs of plaintiff's complaint which allege liability of defendant Bob Behm Chevrolet Inc. based on the "Automobile Lemon Law," 73 P.S. §§1951-1963, are stricken, and any cause of action presented by plaintiff against defendant Bob Behm Chevrolet Inc. in plaintiff's complaint based on the "Automobile Lemon Law," 73 P.S. §§1951-1963, is dismissed;

(g) plaintiff is directed to amend his complaint to specifically allege the express warranties made, by whom they were made, when they were made and where and, further, in what manner the expressed warranties were provided or arranged;

(h) plaintiff is directed to amend his complaint to specifically allege the implied warranties of merchantability made, their manner of existence and how any implied warranties were breached, including those implied warranties relative to a "particular purpose" for which the automobile was implicitly warranted.

(2) The preliminary objections in the nature of a motion for more specific pleading are sustained, and plaintiff is directed to amend his complaint in compliance with paragraphs 1(a)-(h) of this order.

(3) The preliminary objections in nature of the first motion to strike are sustained, and paragraph 22 of plaintiff's complaint as it pertains to a cause of action, injuries or damage relative to extra options or accessories based on the "Automobile Lemon Law," 73 P.S. §§1951-1963, are stricken.

(4) The preliminary objections in the nature of

the second motion to strike relating to the allegation of attorney's fees are overruled.

(5) The preliminary objections in the nature of a petition raising non-joinder of a necessary party are sustained, and plaintiff is directed to join his wife, Bonita J. Miller, as a co-owner of the automobile, as a plaintiff in accordance with Pa.R.C.P. 2227(a), 42 Pa.C.S.

(6) The preliminary objections in the nature of a motion to strike and/or motion for more specific pleading are sustained, and plaintiff is directed to amend his complaint to set forth his various causes of action in separate counts in his complaint and to specify in those counts which causes of action are brought against which defendants.

(7) All other preliminary objections presented by defendant Bob Behm Chevrolet Inc. not expressly and specifically disposed of in this order are overruled.

Plaintiff shall fully comply with this order within 20 days of the date of this order.